

**JOSEPH BRENNER**
jbrenner@grsm.com
Direct (302) 992-8951

221 W 10th Street. 4th Floor #447
Wilmington, DE  19801
www.grsm.com

April 2, 2025

<u>Via CM/ECF</u>
The Hon. Richard G. Andrews
Senior District Judge
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801

    Re:    Lavi, et al v. UNRWA USA National Committee, Inc.
             C.A. No. 1:24-cv-00312-RGA

Dear Judge Andrews:

      The undersigned represent the Defendant, UNRWA USA National Committee, Inc. ("UNRWA USA"), in the above-captioned matter.  We write in response to the March 28, 2025, Motion of Marc A. Greendorfer for Admission Pro Hac Vice and Temporary Waiver of Local Counsel Requirement (D.I. 40) so that Mr. Greendorfer may file an *amicus* brief herein.  For the reasons that follow, UNRWA USA opposes Mr. Greendorfer's motion for a waiver of the local counsel requirement and respectfully requests that the Court deny the motion.

      Although Local Rule 83.5(d) grants the Court discretion to waive this requirement, Mr. Greendorfer has failed to establish any legitimate basis for such extraordinary relief.  His motion merely asserts in a conclusory fashion that he has "attempted to associate with local counsel" but has been "unable to locate such counsel." This bare assertion is devoid of any specific information regarding his efforts—it contains no details about which or how many attorneys he contacted, when these attempts were made, or what responses he received.  *Bakarfit Life Liberty & Pursuit of Happiness for the Bokhary, Asghar, Khwaja & Richardson Family Irrevocable v. New Century Fin. Corp.*, Civil Action No. 09-059 (RBK), 2009 U.S. Dist. LEXIS 14294, at *5 (D. Del. Feb. 23, 2009) (denying request for relief from local counsel requirement where exemption seekers "presented no evidence to support their professed inability to obtain Delaware counsel"). Absent is any explanation why Mr. Greendorfer cannot accomplish what every other out-of-state counsel appearing before this Court routinely manages to do.

The Hon. Richard G. Andrews
April 2, 2025
Page 2

In any event, even if Mr. Greendorfer were to secure local counsel, his proposed amicus submission would be patently untimely and unnecessary. The motion to dismiss in this matter has been fully briefed since August 2, 2024, and Mr. Greendorfer has provided no justification for intervening at this late stage. *See, e.g., United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) ("Only now, ten months after defendant filed his motion and well after defendant's much-delayed final briefing is complete, has Russia seen fit to approach the Court to request to file its brief and thereby further extend these already protracted proceedings. This is reason alone to deny the application.").

Nor does Mr. Greendorfer articulate how his participation would assist the Court in resolving the motion to dismiss. He makes a passing reference to unspecified technical questions, but the sole questions under the ATA are whether UNRWA USA conspired to commit an act of international terrorism, and whether its conduct constituted "aiding and abetting," as that phrase is defined in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). These are hardly "technical questions," and Mr. Greendorfer does not articulate any shortcomings in the parties' briefing on these issues, much less one that warrants amicus input. *See Dobson Mills Apartments, L.P. v. City of Phila.*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (noting that district courts "routinely deny amicus participation when it is unnecessary, and the interests of the amicus are adequately protected in the case"); *Tatel v. Mt. Lebanon Sch. Dist.*, No. CV 22-837, 2024 WL 980070, at *2-3 (W.D. Pa. Mar. 7, 2024) (denying request to file amicus brief where party counsel was "competent to advise the court about the facts of record and applicable law," and the brief was not "timely, helpful, or useful"); *Am. Coll. of Obstetricians & Gynecologists, Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983) (denying leave to file amicus brief where there was no reason to believe that the parties would "not adequately present all relevant legal arguments").

Mr. Greendorfer's eleventh-hour attempt to file an amicus brief (without local counsel) will only serve to delay resolution of UNRWA USA's motion to dismiss by attempting to insert extraneous arguments into proceedings where the Court requires no additional assistance.

For these reasons, the Court should deny Mr. Greendorfer's motion.

                                              Respectfully submitted,

                                              **GORDON REES**
                                              **SCULLY MANSUKHANI, LLP**

                                              */s/ Joseph E. Brenner*_____
                                              Joseph Brenner

cc:   All counsel of record (*via CM/ECF*)