

**MICHAEL C. HEYDEN, JR.**
Partner
mheyden@grsm.com
Direct (302) 992-8954

**JOSEPH E. BRENNER**
Senior Counsel
jbrenner@grsm.com
Direct (302) 992-8951

221 W 10th Street. 4th Floor #447
Wilmington, DE  19801
www.grsm.com

June 23, 2025

<u>Via</u> **CM/ECF**
The Hon. Richard G. Andrews
Senior District Judge
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801

      Re:    Lavi, et al v. UNRWA USA National Committee, Inc.
               C.A. No.: 1:24-cv-00312-RGA

Dear Judge Andrews:

     We are counsel to Defendant UNRWA USA in the above-captioned matter.  We write to follow up on an exchange between the Court and Plaintiffs' counsel at the June 18 oral argument on the motion to dismiss.  Specifically, the Court asked Plaintiffs' counsel whether Plaintiffs "want the ability to amend [the] complaint if" the Court were to "grant the motion to dismiss," to which Plaintiff's counsel replied: "Yes, Your Honor, we would." June 18, 2025 Trans. 19:15-19.  To the extent the Court is contemplating *sua sponte* permitting Plaintiffs to amend the Complaint, UNRWA USA respectfully urges dismissal be with prejudice, without leave to amend.

### I.    Plaintiffs Have not Properly Requested Leave to Amend

     It is well-settled that "a plaintiff must properly request leave to amend a complaint in order for the district court to consider whether to permit amendment." *LabMD Inc. v. Boback*, 47 F.4th 164, 192 (3d Cir. 2022); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007)("[A] district court need not worry about amendment when the plaintiff does not properly request it."). Responding affirmatively to the Court's query regarding amendment does not constitute a proper request.  *See LabMD Inc.*, 47 F.4th at 192 ("A plaintiff properly requests amendment by asking the district court for leave to amend and submitting

a draft of the amended complaint, so that the court can judge whether amendment would be futile.").

## II. Any Request to Amend the Complaint Would be Dilatory, Prejudicial, and Futile, and Should be Denied.

Even if Plaintiffs formally requested leave to amend, such a request would be manifestly improper. While the federal rules take a liberal approach to amendment, FED. R. CIV. P. 15(a)(2)("The court should freely give leave when justice so requires"), courts retain discretion to deny such a request. *Cmr. D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013)(*quoting Cureton v. Nat'l Collegiate Athletic Ass'n.*, 252 F.3d 267, 272 (3d Cir. 2001))(Holding that despite Rule 15(a)'s liberal philosophy, "[t]he motion is nevertheless committed to the 'sound discretion of the district court.'"). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Each of these factors weighs against permitting Plaintiffs to file an amended complaint.

<u>Undue Delay, Bad Faith, Dilatory Motive</u>

Plaintiffs have had ample opportunity over the past year to request leave to amend. UNRWA USA filed its motion to dismiss outlining the defects in the Complaint on May 28, 2024. ECF No. 21-22. Plaintiffs could have sought leave to amend alongside their opposition to the motion to dismiss, ECF No. 31, but chose not to. Likewise, Plaintiffs could have sought leave after the motion was fully briefed on August 2, 2024, but again refrained from doing so. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."); *Vorobyev v. Wolfe*, 638 F. Supp. 3d 410, 420-21 (M.D. Pa. 2022)("A party seeking to supplement pleadings must act in a diligent fashion."). Plaintiffs have not—and could not—articulate any reason why they were unable to seek leave to amend over the 13 months. In the absence of such an explanation, the court may rightly assume that the delay is attributable to "[t]actical decisions and dilatory motives." *Leary v. Nwosu*, 2007 WL 2892641, at *4 (E.D.Pa. Oct. 2, 2007).

<u>Prejudice</u>

Allowing Plaintiffs to file an amended complaint would also cause substantial prejudice to UNRWA USA. *See Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 526 (3d Cir. 2004)("undue prejudice is the touchstone for the denial of leave to

amend")(internal quotation marks omitted). Since March 2024, UNRWA USA has had to endure the reputational consequences of being publicly accused of aiding and abetting a brutal act of international terrorism.[1] Courts have recognized that certain allegations are so damaging that the "mere assertion ... has an inevitable stigmatizing effect on those named as defendants"—and in such cases, "courts should strive to flush out frivolous ... allegations at an early stage of the litigation." *United States Fire Ins. Co. v. United Limousine Service, Inc.*, 303 F. Supp. 2d 432, 443 (S.D.N.Y. 2004)(cleaned up)(discussing RICO actions). Terrorism allegations are precisely the type of claims that demand expeditious resolution. Permitting amendment would only prolong this damaging litigation and further delay the clearing of UNRWA USA's name.

Futility

Finally, any amendment would be futile. As set forth in the motion to dismiss, Plaintiffs cannot possibly plead facts showing that UNRWA USA was "generally aware" that its donations were playing a role in Hamas's terrorist activities prior to October 7, much less that UNRWA USA furnished aid with the "intent of facilitating [October 7's] commission," as is required to state an ATA aiding-and-abetting claim. *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023). Furthermore, even if Plaintiffs could identify a cognizable norm under the Alien Tort Statute ("ATS"), and even if this Court were to adopt a lower *mens rea* requirement for an ATS claim, Plaintiffs cannot possibly plead facts showing that UNRWA USA's assistance had a "substantial effect" on the October 7 attacks, or that UNRWA USA provided financial support with the knowledge that its aid would "assist in the commission of [the October 7 attacks].". *See Doe v. Cisco Sys.*, 73 F.4th 700, 729, 734 (9th Cir. 2023). Nor can they plead anything that would overcome the fact there is no internationally recognized norm against financing terrorism, and certainly no such norm against funding an international organization that has "close ties" to a foreign terrorist organization, as Plaintiffs define the norm. *See* ECF No. 1, ¶ 143.

***

---

[1] The Complaint's baseless charges against UNRWA USA have been referenced or amplified in multiple outlets, including the Wall Street Journal, *see* Editorial Board, "A Tax Exemption for Supporting Hamas?" Wall Street Journal (Mar. 8, 2024), and on the Anti-Defamation League's webpage. *See* Backgrounder, "United Nations Relief and Works Agency for Palestinian Refugees (UNRWA)," (Jan. 16, 2025), *available at* adl.org/resources/backgrounder/united-nations-relief-and-works-agency-palestinian-refugees-unrwa.

Accordingly, UNRWA USA requests that the Court grant the motion to dismiss with prejudice and without leave to file an amended complaint.

Respectfully submitted,

**GORDON REES
SCULLY MANSUKHANI, LLP**

*/s/ Joseph E. Brenner*
Michael C. Heyden, Jr. (#5616)
Joseph E. Brenner (#6643)

cc: All counsel of record (*via CM/ECF*)