IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Lavi, *et al.*,<br><br>                     Plaintiffs,<br><br>        v.<br><br>United Nations Relief and Works Agency for Palestine Refugees in the Near East (UNRWA), *et al.*,<br><br>                     Defendants. | Case No. 1:24-cv-0312-RGA<br><br>**Oral Argument Requested** |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT UNRWA'S MOTION TO DISMISS

|  |  |
|---|---|
| | Thomas A. Uebler (#5074)<br>Terisa A. Shoremount (#7113)<br>McCollom D'Emilio Smith Uebler LLC<br>2751 Centerville Road, Suite 401<br>Wilmington, DE 19808<br>(302) 468-5960 |
| OF COUNSEL: | tuebler@mdsulaw.com<br>tshoremount@mdsulaw.com |
| CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>Kevin A. Meehan (*pro hac vice* pending)<br>Marwa Farag (*pro hac vice* pending)<br>Robert Groot (*pro hac vice* pending)<br>Olivia J. Wang (*pro hac vice* pending)<br>101 Park Avenue<br>New York, New York 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559<br>Email: kmeehan@curtis.com<br>mfarag@curtis.com<br>rgroot@curtis.com<br>owang@curtis.com | *Attorneys for Defendant United Nations Relief and Works Agency for Palestine Refugees in the Near East* |

Dated: December 16, 2025

**TABLE OF CONTENTS**

|   |   | Page(s) |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| NATURE AND STAGE OF PROCEEDINGS | | 1 |
| SUMMARY OF ARGUMENTS | | 1 |
| BACKGROUND | | 3 |
| ARGUMENT | | 4 |
| I. | Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction | 4 |
| II. | UNRWA Is Immune and Therefore This Case Must Be Dismissed for Lack of Subject Matter Jurisdiction | 5 |
| III. | This Case Must Be Dismissed for Lack of Personal Jurisdiction | 10 |
| CONCLUSION | | 11 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bisson v. UN*,
  No. 06 Civ. 6352, 2007 Dist. LEXIS 54334 (S.D.N.Y. July 27, 2007) ...................................... 6

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
  581 U.S. 170 (2017) ................................................................................................................ 6

*Broidy Capital Mgmt. LLC v. Benomar*,
  944 F.3d 436 (2d Cir. 2019) .................................................................................................... 4

*Brzak v. UN*,
  597 F.3d 107 (2d Cir. 2010) .................................................................................................... 5

*Brzak v. UN*,
  551 F. Supp. 2d 313 (S.D.N.Y. 2008) .............................................................................. 4, 5, 8

*Est. of Siman Tov v. United Nations Relief & Works Agency*,
  No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ........ passim

*Exxon Mobil Corp. v. Corp. Cimex, S.A.*,
  111 F.4th 12 (D.C. Cir. 2024) .................................................................................................. 7

*Ezeiruaku v. Bull*,
  617 F. App'x 179 (3d Cir. 2015) ............................................................................................. 4

*Fischer v. Fed. Express Corp.*,
  42 F.4th 366 (3d Cir. 2022) ................................................................................................... 10

*Georges v. UN*,
  834 F.3d 88 (2d Cir. 2016) .............................................................................................. 4, 6, 9

*Georges v. UN*,
  84 F. Supp. 3d 246 (S.D.N.Y. 2015) ........................................................................................ 5

*In re Hunter v. UN*,
  800 N.Y.S.2d 347 (N.Y. Sup. Ct. 2004) .................................................................................. 6

*Jam v. Int'l Fin. Corp.*,
  586 U.S. 199 (2019) ................................................................................................................ 8

*Laventure v. UN*,
  279 F. Supp. 3d 394 (S.D.N.Y. 2017) ................................................................................. 5, 6

*Lempert v. Rice*,
    956 F. Supp. 2d 17 (D.D.C. 2013) ............................................................................... 4, 5, 6

*MacNamara v. Korean Air Lines*,
    863 F.2d 1135 (3d Cir. 1988) ............................................................................................ 9

*Nicol v. UN Missions in Liberia*,
    No. 09-1800, 2009 U.S. Dist. LEXIS 66756 (E.D. Pa. July 30, 2009) ................................. 5, 6

*Process & Indus. Devs. v. Federal Republic of Nigeria.*,
    962 F.3d 576 (D.C. Cir. 2020) ........................................................................................... 6

*Rosenberg v. Pasha*,
    F. App'x 22 (2d Cir. 2014) ................................................................................................ 4

*Sadikoğlu v. UN Dev. Programme*,
    No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ......................... 6

**Statutes**

International Organizations Immunities Act,
    22 U.S.C. § 288 *et seq.* .................................................................................................... 1

**Treaties**

Convention on the Privileges and Immunities of the United Nations,
    Feb. 13, 1946, 21 U.S.T. 1422 ................................................................................... passim

UN Charter, 59 Stat. 1031 ....................................................................................................... 2, 5, 8

**Executive Orders**

Exec. Order No. 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946) ........................................................ 7, 8

**UN Documents**

G.A. Res. 1018 (XI) (Feb. 28, 1957) ............................................................................................. 7

G.A. Res. 1191 (XII) (Dec. 12, 1957) ........................................................................................... 7

G.A. Res. 1315 (XIII) (Dec. 12, 1958) .......................................................................................... 7

G.A. Res. 1456 (XIV) (Dec. 9, 1959) ............................................................................................ 7

G.A. Res. 513 (VI) (Jan. 26, 1952) ............................................................................................... 7

G.A. Res. 63/93 (Dec. 5, 2008) .................................................................................................... 7

G.A. Res. 78/73 (Dec. 11, 2023) .................................................................................................. 7

G.A. Res. ES-10/25 (Dec. 11, 2024) .............................................................................................. 7

UN Secretariat, *Memorandum to the Legal Adviser,*
    *United Nations Relief and Works Agency for Palestine Refugees in the Near East*,
    1984 UN Jurid. Y.B. 157, UN Doc. ST/LEG/SER.C/22 ............................................................ 7

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................... passim

**Other Authorities**

*Obligations of Israel in relation to the Presence and Activities of the United Nations,*
    *Other International Organizations and Third States in and in relation to the*
    *Occupied Palestinian Territory*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) .............................. 7

Defendant United Nations Relief and Works Agency for Palestine Refugees in the Near East ("UNRWA") submits this memorandum of points and authorities in support of the Motion to Dismiss for lack of subject matter jurisdiction, personal jurisdiction and improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5).

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs commenced this action on March 8, 2024 by filing their Complaint asserting claims under the Anti-Terrorism Act ("ATA") and Alien Tort Statute ("ATS") against Defendant UNRWA USA National Committee, Inc. ("UNRWA USA").  D.I. 1.  UNRWA was not named as a defendant in the Complaint.  On August 8, 2025, this Court granted UNRWA USA's motion to dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule 12(b)(6).  D.I. 50.  On August 22, 2025, Plaintiffs filed their First Amended Complaint ("FAC") adding UNRWA as a defendant.  While Plaintiffs claim to have served UNRWA, UNRWA enjoys absolute immunity from all forms of legal process, including service of process.  UNRWA now moves to dismiss the case with prejudice on immunity grounds under the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN") and the International Organizations Immunities Act, 22 U.S.C. § 288 *et seq.* ("IOIA").

## SUMMARY OF ARGUMENTS

1.     UNRWA is entitled to absolute immunity from the jurisdiction of U.S. courts under the CPIUN and IOIA absent an express waiver of immunity by the United Nations Secretary-General.  *See, e.g.*, CPIUN, art. II, § 2.  There has been no such express waiver of immunity in this case.  Plaintiffs therefore cannot meet their burden of establishing subject

matter jurisdiction and this case must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

2.    Plaintiffs do not address the CPIUN, and, instead, argue that UNRWA is not entitled to immunity because it has not been designated under the IOIA. This is incorrect—the UN, of which UNRWA is an integral part, has been designated under the IOIA. Article 7 of the UN Charter recognizes that the UN encompasses both "principal organs" and "subsidiary organs," and Article 22 provides for the General Assembly to establish such subsidiary organs as it deems necessary. The General Assembly exercised its powers under Article 22 to establish UNRWA as a subsidiary organ. The designation of the UN under the IOIA therefore covers subsidiary organs of the UN, including UNRWA. Therefore, a separate designation of UNRWA under the IOIA would be unnecessary and redundant. Furthermore, regardless of any immunities conferred by the IOIA, courts have uniformly held that UNRWA and other subsidiary organs of the UN are entitled to absolute immunity under Section 2 of the CPIUN.

3.    Plaintiffs also appended to the FAC, without any context or explanation, the U.S. Government's third statement of interest that was expressly rejected by the court in *Est. of Siman Tov v. United Nations Relief & Works Agency* ("*Siman Tov*"), No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025). As in the present case, the plaintiffs in *Siman Tov* asserted claims seeking to hold UNRWA liable for the October 7th terrorist attack. The U.S. Government initially submitted two statements of interest confirming that UNRWA was entitled to absolute immunity as a subsidiary organ of the UN and requested the court to dismiss the case. Plaintiffs do not apprise this Court of these initial statements of interest, and, instead, rely on the U.S. Government's third statement of interest, which was submitted months later and contradicts

the U.S. Government's initial positions by arguing, without any support, that UNRWA should not be treated as a subsidiary organ of the UN for immunity purposes under the CPIUN. *Siman Tov* rejected this argument and held that, based on the plain and unambiguous text of the CPIUN, UNRWA is entitled to absolute immunity. *Siman Tov* dismissed the case with prejudice. This Court should follow *Siman Tov* and dismiss this case with prejudice as well.

4. UNRWA is also immune from service of process under the CPIUN. Any purported service on UNRWA was invalid and ineffectual and cannot support the exercise of personal jurisdiction over UNRWA. Accordingly, dismissal is required under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5).

## BACKGROUND

UNRWA is headquartered in "A[m]man, Jordan, and in Gaza." FAC ¶ 17. UNRWA was established in 1949 by UN General Assembly Resolution 302 (IV) to provide Palestinian refugees with humanitarian relief, education, employment, and "to advocate for the needs of Palestinians in Gaza, the West Bank, Lebanon, Jordan, and Syria." *Id.* ¶¶ 3, 30, 52.

Plaintiffs are U.S., Israeli, or dual citizens who purport to be victims of the October 7 terror attack perpetrated by Hamas in Israel. FAC ¶¶ 8-11. The FAC does not allege that UNRWA was involved in planning or carrying out the October 7 attack. Instead, plaintiffs' theory is that UNRWA should be held liable as a third party who allegedly provided material support to Hamas, the terrorist organization responsible for the October 7 attack. *Id.* ¶ 3. Plaintiffs do not allege a single payment by UNRWA to Hamas. Rather, they allege that Hamas indirectly benefitted from the humanitarian aid, education, employment, and other services UNRWA provided to Palestinian refugees. *Id.* ¶¶ 7, 256. For instance, Plaintiffs allege that

Hamas purportedly benefited from UNRWA paying the salaries of its employees in U.S. dollars. *Id.* ¶¶ 131-42, 256.  Plaintiffs also allege that Hamas, as the local authority in Gaza, conducts background checks for UNRWA's local employees.  *Id.* ¶¶ 74-75.  Plaintiffs allege that UNRWA was aware that Hamas hid weapons in UNRWA schools and had a network of tunnels under UNRWA schools.  *Id.* ¶¶ 123-24, 126, 129.  Plaintiffs also complain that UNRWA, in carrying out its mandate to provide education for Palestinian refugees, uses antisemitic educational materials.  *Id.* ¶¶ 7, 106.  Plaintiffs further allege that UNRWA officials have met with the *de facto* authorities and political parties in Gaza and Lebanon to ensure that UNRWA is able to provide humanitarian aid and other social services to Palestinian refugees.  *Id.* ¶¶ 143, 146-86.

Plaintiffs allege that UNRWA is based outside of the United States and have not alleged any connection to Delaware.  FAC ¶ 17.  Plaintiffs, instead, allege that senior UNRWA officials travel to the United States to solicit funding and that UNRWA has staff in New York that facilitate UNRWA's work in the Middle East.  *Id.*

## ARGUMENT

### I. Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction

Courts lack subject matter jurisdiction where, as here, a defendant is entitled to immunity. *See Georges v. UN*, 834 F.3d 88, 98 (2d Cir. 2016); *Lempert v. Rice*, 956 F. Supp. 2d 17, 24 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *Brzak v. UN*, 551 F. Supp. 2d 313, 318-20 (S.D.N.Y. 2008), *aff'd*, 597 F.3d 107 (2d Cir. 2010).  Plaintiffs bear the burden of establishing that immunity does not apply and subject matter jurisdiction exists.  *See Ezeiruaku v. Bull*, 617 F. App'x 179, 181 (3d Cir. 2015); *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019); *Rosenberg v. Pasha*, 577 F. App'x 22, 23 (2d Cir. 2014); *Georges v. UN*, 84 F. Supp.

3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (S.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018); *Lempert*, 956 F. Supp. 2d at 22. Plaintiffs cannot satisfy their burden here.

## II.     UNRWA Is Immune and Therefore This Case Must Be Dismissed for Lack of Subject Matter Jurisdiction

"UNRWA enjoys absolute immunity" from the jurisdiction of U.S. courts under the UN Charter and the CPIUN. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *24. Article 105(1) of the UN Charter established the UN's immunities by providing that the UN "shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfillment of its purposes." UN Charter, art. 105, ¶ 1. Section 2 of the CPIUN states that the United Nations "shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity." CPIUN, art. II, § 2. Section 2 of the CPIUN therefore confers absolute immunity on UNRWA. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *24; *see also Brzak v. UN*, 597 F.3d 107, 111 (2d Cir. 2010); *Nicol v. UN Missions in Liberia*, No. 09-1800, 2009 U.S. Dist. LEXIS 66756, *5-6 (E.D. Pa. July 30, 2009). The United States ratified the CPIUN, and it is binding law in U.S. courts. *See Brzak*, 597 F.3d at 111. Here, there has been no waiver of UNRWA's immunity. In fact, immunity has been asserted by the United Nations Secretary-General. Accordingly, this case must be dismissed with prejudice under Federal Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

---

[1] Jurisdictional immunity is a threshold question that must be conclusively decided through an interlocutory appeal at the outset before a defendant can be forced to address the merits of the
...Continued

There is no question that the absolute immunity conferred under Article 2 of the CPIUN extends to the UN's subsidiary organs. Indeed, courts have uniformly dismissed cases against the UN and its subsidiary organs—including UNRWA—on immunity grounds under the CPIUN. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *24; *see also Lempert*, 956 F. Supp. 2d at 24 ("as a subsidiary program of the UN that reports directly to the General Assembly, the UNDP [UN Development Programme] also enjoys immunity under the Convention"); *Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205, at *9 (holding that "UNDP— as a subsidiary program of the UN" is immune from suit under the CPIUN); *Georges,* 834 F.3d at 90 (UN Stabilization Mission in Haiti ("MINUSTAH") and its officials immune); *Laventure*, 279 F. Supp. 3d at 400 ("As a UN subsidiary, MINUSTAH enjoys the same privileges and immunities as the UN under the CPIUN"); *Bisson v. UN*, No. 06 Civ. 6352, 2007 Dist. LEXIS 54334, at *18, *25 (S.D.N.Y. July 27, 2007) (holding that the World Food Programme ("WFP") as a "subsidiary organ" of the UN is immune under the CPIUN); *In re Hunter v. UN*, 800 N.Y.S.2d 347, 347 (N.Y. Sup. Ct. 2004) (UN Children's Fund ("UNICEF") immune); *Nicol*, 2009 U.S. Dist. LEXIS 66756, at *7 (UN Mission in Liberia immune).

Several resolutions of the UN General Assembly expressly confirm that UNRWA, "as a subsidiary organ of the United Nations, enjoys the benefits of the [CPIUN]." G.A. Res. 1456

---

case. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 174, 187 (2017); *Process & Indus. Devs. v. Federal Republic of Nigeria.*, 962 F.3d 576, 584 (D.C. Cir. 2020); *see also Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *10. UNRWA's motion asserts a facial challenge to jurisdiction and thus does not challenge the factual allegations of the FAC. UNRWA does not admit any allegations and reserves the right to challenge them. UNRWA reserves the right to seek dismissal on the merits.

(XIV), at 8 (Dec. 9, 1959); *see also* G.A. Res. 513 (VI), ¶ 3 (Jan. 26, 1952); G.A. Res. 1018 (XI), at 6-7 (Feb. 28, 1957); G.A. Res. 1191 (XII), at 8-9 (Dec. 12, 1957); G.A. Res. 1315 (XIII), at 9 (Dec. 12, 1958); G.A. Res. 63/93, ¶ 12 (Dec. 5, 2008); G.A. Res. 78/73, ¶ 39 (Dec. 11, 2023); G.A. Res. ES-10/25, at ¶¶ 2, 10, 12, 14 (Dec. 11, 2024). Legal opinions of the UN Office of Legal Affairs further confirm that UNRWA is entitled to immunity under the CPIUN. *See*, *e.g.*, UN Secretariat, *Memorandum to the Legal Adviser, United Nations Relief and Works Agency for Palestine Refugees in the Near East*, 1984 UN Jurid. Y.B. 157, 188-89, UN Doc. ST/LEG/SER.C/22.

In addition, the International Court of Justice ("ICJ") recently issued an opinion explicitly confirming that UNRWA is a subsidiary organ of the UN entitled to absolute immunity under the CPIUN. *Obligations of Israel in relation to the Presence and Activities of the United Nations, Other International Organizations and Third States in and in relation to the Occupied Palestinian Territory*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22).[2] The ICJ noted that "UNRWA, *as a subsidiary organ of the United Nations*, has been entrusted by the General Assembly to provide direct relief and work programmes for Palestine refugees." *Id*. at ¶ 177 (emphasis added). It is entitled to immunity under the CPIUN. *Id*. at ¶ 186. The ICJ is responsible for settling disputed interpretations of the CPIUN, *see* CPIUN, art. VIII, § 30, and its opinions "are 'accorded great weight' in understanding the content of international law." *See Exxon Mobil Corp. v. Corp. Cimex, S.A.*, 111 F.4th 12, 27 (D.C. Cir. 2024).

---

[2] https://www.icj-cij.org/sites/default/files/case-related/196/196-20251022-adv-01-00-en.pdf.

Plaintiffs do not address any of this authority, and, instead, assert that "some UN-affiliated bodies" do not have immunity unless they have been designated by the President under the IOIA. FAC. ¶ 16. However, the UN has been designated under the IOIA. *See* Exec. Order No. 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946). Article 7 of the UN Charter recognizes that the UN encompasses both "principal organs" and "subsidiary organs," and Article 22 states that "[t]he General Assembly may establish such subsidiary organs as it deems necessary for the performance of its functions." UN Charter, arts. 7, 22. The General Assembly exercised its powers under Article 22 to establish UNRWA as a subsidiary organ. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505 at *21. The designation of the UN under the IOIA therefore covers subsidiary organs of the UN, including UNRWA, rendering a separate designation unnecessary and redundant. In 1970, the U.S. acceded to the CPIUN. From that point forward, UNRWA was entitled to absolute immunity under Section 2 of the CPIUN without regard for whatever immunities may be conferred under the IOIA. *See Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 214 (2019); *see also Brzak*, 597 F.3d at 112 ("whatever immunities are possessed by other international organizations [under the IOIA], the CPIUN unequivocally grants the United Nations absolute immunity without exception."). As explained above, courts have consistently held that UNRWA and other subsidiary organs of the UN are entitled to absolute immunity under Section 2 of the CPIUN.

Plaintiffs appended to the Amended Complaint, without any context or explanation, one of the statements of interest submitted the U.S. Government in the *Siman Tov* case. FAC, Ex. A. As in the present case, the plaintiffs in *Siman Tov* asserted claims seeking to hold UNRWA liable for the terrorist attacks perpetrated by Hamas in Israel on October 7, 2023. *See* 2025 U.S.

Dist. LEXIS 194505, at *4-7.  The U.S. Government initially submitted two statements of interest in July and October 2024 confirming that UNRWA was entitled to absolute immunity as a subsidiary organ of the UN and requested the court to dismiss the case.  *Siman Tov*, No. 24 Civ. 4765 (AT)*,* Dkt. Nos. 17 and 38 (S.D.N.Y. Sept. 30, 2025).  In April 2025, the U.S. Government submitted a third statement of interest— which Plaintiffs here appended to the Amended Complaint.  While this third statement of interest did not dispute the fact that subsidiary organs of the UN are entitled to absolute immunity, it argued that UNRWA should not be treated as a subsidiary organ of the UN for immunity purposes under the CPIUN.  FAC, Ex. A.

*Siman Tov* rejected the U.S. Government's positions in its third statement of interest relied upon here by Plaintiffs.  *See* 2025 U.S. Dist. LEXIS 194505, at *24-25.  As an initial matter, *Siman Tov* held that none of the U.S. Government's contradictory statements of interest were entitled to controlling weight.  *See id.*  Instead, the interpretation of treaty obligations under the UN Charter and the CPIUN are questions of law that must be decided by courts.  *See id.* at *25; *see also Georges v. UN,* 834 F.3d 88, 93 (2d Cir. 2016); *MacNamara v. Korean Air Lines*, 863 F.2d 1135, 1143 (3d Cir. 1988).  *Siman Tov* held that the plain and unambiguous language of the CPIUN grants absolute immunity to UNRWA as a subsidiary organ of the UN.  *See* 2025 U.S. Dist. LEXIS 194505, at *24-25.  The court rejected the plaintiffs' arguments seeking to create novel exceptions to the absolute immunity conferred upon subsidiary organs under the CPIUN.  *See id.* at *18-24.  Instead, the court dismissed the case in its entirety with prejudice for lack of subject matter jurisdiction.  *Id.* at *40.  *Siman Tov* is indistinguishable from this case.  Accordingly, this Court should follow *Siman Tov* and dismiss this case with prejudice.

### III. This Case Must Be Dismissed for Lack of Personal Jurisdiction

The exercise of personal jurisdiction requires valid service of process. *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 381 (3d Cir. 2022). Here, Plaintiffs filed an affidavit on December 15, 2025 alleging that they mailed the Amended Complaint and Summons to UNRWA's office in New York on October 20, 2025. D.I. 77. However, pursuant to Section 2 of the CPIUN, UNRWA enjoys absolute "immunity from every form of legal process." CPIUN, art. II, § 2. The CPIUN further provides that the "premises of the United Nations shall be inviolable" and therefore the premises of UNRWA, as a subsidiary organ of the UN, are equally inviolable. CPIUN, art. II, § 3. UNRWA is thus immune from service of process absent a waiver of such immunity by the UN. *See id.* No such waiver has occurred in this case. Rather, the UN has objected to the attempt to serve UNRWA on the grounds that UNRWA is immune from service of process. Accordingly, any purported attempt to serve UNRWA was improper and ineffective under Federal Rules of Civil Procedure 12(b)(4)-(5) and UNRWA must be dismissed for lack of personal jurisdiction under Rule 12(b)(1).

## CONCLUSION

For the forgoing reasons, the Court should dismiss this case with prejudice.

Dated: December 16, 2025

Respectfully submitted,

OF COUNsEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Kevin A. Meehan (*pro hac vice* pending)
Marwa Farag (*pro hac vice* pending)
Robert Groot (*pro hac vice* pending)
Olivia J. Wang (*pro hac vice* pending)
101 Park Avenue
New York, New York  10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email: kmeehan@curtis.com
mfarag@curtis.com
rgroot@curtis.com
owang@curtis.com

/s/  *Thomas A. Uebler*
Thomas A. Uebler (#5074)
Terisa A. Shoremount (#7113)
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808
(302) 468-5960
tuebler@mdsulaw.com
tshoremount@mdsulaw.com

*Attorneys for Defendant UNRWA*