## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Lavi, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>United Nations Relief and Works Agency for Palestine Refugees in the Near East (UNRWA), *et al.*,<br><br>      Defendants. | Case No. 1:24-cv-0312-RGA<br><br>**<u>Oral Argument Requested</u>** |

## REPLY IN SUPPORT OF DEFENDANT UNRWA'S MOTION TO DISMISS

Thomas A. Uebler (#5074)
Terisa A. Shoremount (#7113)
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE  19808
(302) 468-5960
tuebler@mdsulaw.com
tshoremount@mdsulaw.com

OF COUNSEL:

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
Kevin A. Meehan
Marwa Farag
Robert Groot
Olivia J. Wang
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email: kmeehan@curtis.com
        mfarag@curtis.com
        rgroot@curtis.com
        owang@curtis.com

*Attorneys for Defendant United Nations*
*Relief and Works Agency for Palestine Refugees*
*in the Near East*

Dated: February 3, 2026

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.   Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction .......................... 1

    II.  UNRWA Is Entitled to Absolute Immunity under the CPIUN ........................................ 2

        A. The CPIUN Grants Absolute Immunity to Subsidiary Organs of the UN ................... 2

        B. UNRWA Is a Subsidiary Organ of the UN Entitled to Absolute Immunity ................ 6

    III. UNRWA Is Entitled to Absolute Immunity under the IOIA ............................................ 9

    IV. Plaintiffs' Novel *Jus Cogens* Exceptions to Immunity Should Be Rejected .................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006).................................................................................................. 4

*Atkinson v. Inter-American Dev. Bank*,
   156 F.3d 1335 (D.C. Cir. 1998).............................................................................. 5

*Belhas v. Ya'Alon*,
   515 F.3d 1279 (D.C. Cir. 2008) ............................................................................ 10

*Bisson v. UN*,
   No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334 (S.D.N.Y. July 27, 2007) ........... 2

*Broidy Capital Mgmt. LLC v. Benomar*,
   944 F.3d 436 (2d Cir. 2019) ................................................................................... 2

*Brzak v. UN*,
   597 F.3d 107 (2d Cir. 2010) ............................................................................... 2, 9

*Carpenter v. Republic of Chile*,
   610 F.3d 776 (2d Cir. 2010) ................................................................................. 10

*Christy v. Pa. Tpk. Comm'n*,
   54 F.3d 1140 (3d Cir. 1995) ................................................................................... 2

*Devi v. Silva*,
   861 F. Supp. 2d 135 (S.D.N.Y. 2012) .................................................................. 10

*Doe v. Buratai*,
   318 F. Supp. 3d 218 (D.D.C. 2018) ...................................................................... 10

*Doe v. Buratai*,
   792 F. App'x 6 (D.C. Cir. 2019)............................................................................ 10

*Doğan v. Barak*,
   932 F.3d 888 (9th Cir. 2019) ................................................................................ 10

*El Al Airlines v. Tsui Yuan Tseng*,
   525 U.S. 155 (1999)................................................................................................ 8

*Est. of Siman Tov v. United Nations Relief & Works Agency*,
   No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ........ passim

*Federal Republic of Germany v. Philipp*,
592 U.S. 169 (2021) ................................................................................................ 10

*Georges v. UN*,
834 F.3d 88 (2d Cir. 2016) ..................................................................................... 1, 2

*Georges v. UN*,
84 F. Supp. 3d 246 (S.D.N.Y. 2015) ....................................................................... 1, 2

*In re Caterbone*,
640 F.3d 108 (3d Cir. 2011) ...................................................................................... 4

*In re Hunter*,
800 N.Y.S.2d 347 (N.Y. Sup. Ct. Nov. 15, 2004) ..................................................... 8

*Jam v. Int'l Fin. Corp.,*
586 U.S. 199 (2019) ................................................................................................ 5, 9

*Jurisdictional Immunities of the State* (*Germany v. Italy*),
Judgment, 2012 I.C.J. Rep. 99 (Feb. 3) .................................................................. 10

*Laventure v. UN*,
279 F. Supp. 3d 394 (E.D.N.Y. 2017) ...................................................................... 1, 2

*Laventure v. UN*,
746 F. App'x 80 (2d Cir. 2018) ................................................................................. 1

*Lempert v. Rice*,
618 F. App'x 3 (D.C. Cir. 2015) ............................................................................... 1

*Lempert v. Rice*,
956 F. Supp. 2d 17 (D.D.C. 2013) ........................................................................... 1, 7

*Matar v. Dichter*,
563 F.3d 9 (2d Cir. 2009) ......................................................................................... 10

*OBB Personenverkehr AG v. Sachs*,
577 U.S. 27 (2015) ................................................................................................... 9

*Obligations of Israel in relation to the Presence and Activities of the United Nations*,
Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) .............................................................. 9

*Rosenberg v. Pasha*,
577 F. App'x 22 (2d Cir. 2014) ................................................................................ 10

*Sadikoğlu v. UN Dev. Programme*,
No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ....... 2, 7

*Sumitomo Shoji Am., Inc. v. Avagliano*,
   457 U.S. 176 (1982)......................................................................................................... 9

*United States v. Miller*,
   604 U.S. 518 (2025)......................................................................................................... 2

*Verlinden B.V. v. Cent. Bank of Nigeria*,
   461 U.S. 480 (1983)......................................................................................................... 2

*Ye v. Zemin*,
   383 F.3d 620 (7th Cir. 2004) ........................................................................................ 10

*Yousuf v. Samantar*,
   699 F.3d 763 (4th Cir. 2012) ........................................................................................ 10

**Statutes**

28 U.S.C. § 1605(a)(2).......................................................................................................... 10

**Treaties**

Charter of the United Nations,
   June 26, 1945, 59 Stat. 1031 ................................................................................... 4, 9, 10

Constitution of the United Nations Educational, Scientific and Cultural Organization,
   Nov. 16, 1945, 4 U.N.T.S. 275 ....................................................................................... 7

Constitution of the United Nations Industrial Development Organization,
   April 8, 1979, 1401 U.N.T.S. 23432................................................................................ 7

Convention on the Privileges and Immunities of the United Nations,
   Feb. 13, 1946, 21 U.S.T. 1422 ............................................................................... 1, 3, 6

**UN Documents**

Ann. Rep. UNRWA 1951-52, U.N. Doc. A/2171, Supp. No. 13 .................................................. 8

Ann. Rep. UNRWA 1952-53, U.N. Doc. A/2470 ....................................................................... 8

Documents of the United Nations Conference on International Organization, vol. 13, Doc. 933,
   Series IV/2/42 (2)............................................................................................................ 3

G.A. Res. 1456 (XIV) (Dec. 9, 1959).......................................................................................... 8

G.A. Res. 2029 (XX) (Nov. 22, 1965).......................................................................................... 7

G.A. Res. 302 (IV) (Dec. 8, 1949)........................................................................................... 6, 7

G.A. Res. 319 (IV) (Dec. 3, 1949)............................................................................................... 7

G.A. Res. 57(I) (Dec. 11, 1946) .................................................................................. 7

G.A. Res. 78/254 A-C (Dec. 22, 2023) ....................................................................... 7

*Rep. of the Special Political Committee*, UN Doc. A/3562 (1957) ............................... 4

*Rep. of the Special Political Committee*, UN Doc. A/4342 (1959) ............................... 5

Repertory of Practice of United Nations Organs (1945–1954), vol. 5 .......................... 3

UN GAOR, 13th Sess., 125th mtg., UN Doc. A/SPC/SR.125 (Dec. 10, 1958) ......... 4, 8

UN GAOR, 14th Sess., 851st plen. mtg., UN Doc. A/PV.851 (Dec. 9, 1959) .............. 5

UN GAOR, 4th Sess., 51st mtg., UN Doc. A/AC.31/SR.51 (Nov. 30, 1949) ............... 4

UN GAOR, 4th Sess., 51st mtg., UN Doc. A/AC.31/SR.54 (Dec. 2, 1949) ................. 4

UN GAOR, 6th Sess., 46th mtg., UN Doc. A/AC.53/SR.46 (Jan. 21, 1952) ............... 4

UNRWA, Annual Rep. of the Commissioner-General to the General Assembly –
1 January to 31 December 2022, U.N. Doc. A/78/13 (2023) .................................... 7

**Other Authorities**

Dan Sarooshi, *The United Nations and the Development of Collective Security* 89 (2000) .......... 7

*Est. of Siman Tov v. United Nations Relief & Works Agency*, First Statement of Interest,
No. 24 Civ. 4765 (AT), Dkt. No. 17 (S.D.N.Y. July 30, 2024) .................................. 5

*Est. of Siman Tov v. United Nations Relief & Works Agency*, No. 24-cv-4765-AT,
Dkt. No. 67 (S.D.N.Y. June 13, 2025) ...................................................................... 3

*Est. of Siman Tov v. United Nations Relief & Works Agency*, Second Statement of Interest,
No. 24 Civ. 4765 (AT), Dkt. No. 38 (S.D.N.Y. Oct. 18 2024) .................................. 5

Lori Fisler Damrosch, *The Trump Administration Reverses U.S. Position on UNRWA
Immunities*, 119-4 Am. J. Int'l Law 790 (2025) ........................................................ 9

William Dale, *UNRWA: Subsidiary Organ of the United Nations*,
23 Int'l & Comp. L.Q. 576 (1974) .............................................................................. 7

## PRELIMINARY STATEMENT

UNRWA[1] is a subsidiary organ and integral part of the UN and thus entitled to absolute immunity under the plain language of the CPIUN. Plaintiffs' primary argument is that organs of the UN are not entitled to immunity. That argument—and all of Plaintiffs' other arguments—were rejected in *Est. of Siman Tov v. United Nations Relief & Works Agency*, No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ("*Tov*"). *Tov* is indistinguishable and part of a long and unbroken chain of cases holding that subsidiary organs of the UN, such as UNRWA, are entitled to absolute immunity under the CPIUN. Plaintiffs offer no authority to the contrary.

## ARGUMENT

### I. Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction

Plaintiffs seek to elide their burden of establishing subject matter jurisdiction by arguing that UNRWA's jurisdictional immunity is an affirmative defense that does not implicate subject matter jurisdiction. D.I. 93 at 3-4. Courts have uniformly held that it is the plaintiff who bears the burden of abrogating immunity under the CPIUN. *See Tov*, 2025 U.S. Dist. LEXIS 194505, at *14; *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (E.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018); *Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Lempert v. Rice*, 956 F. Supp. 2d 17, 22 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015). Plaintiffs do not address these authorities or cite any to the contrary.[2]

Immunity under the CPIUN is a question of subject matter jurisdiction and is not an

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in UNRWA's opening brief.

[2] Plaintiffs' reply addresses some of the cases cited in UNRWA's Motion to Dismiss but only to the extent those cases held that subsidiary organs of the UN, such as UNRWA, are entitled to immunity under the CPIUN.

affirmative defense. *See Georges v. UN*, 834 F.3d 88, 98 (2d Cir. 2016); *see also United States v. Miller*, 604 U.S. 518, 527 (2025) ("Sovereign immunity is jurisdictional in nature and . . . waivers of sovereign immunity function simply as 'prerequisite[s] for jurisdiction'") (cleaned up). Courts must decide the threshold jurisdictional question of immunity, even where the defendant does not appear. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 n.20 (1983). Thus, courts have regularly dismissed cases against UN entities on immunity grounds even when the defendants do not appear. *See Laventure*, 279 F. Supp. 3d at 397, 401; *Georges*, 84 F. Supp. 3d at 248; *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205, at *6 (S.D.N.Y. Oct. 14, 2011); *Bisson v. UN*, No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334, at *46 n.24 (S.D.N.Y. July 27, 2007).

Plaintiffs argue that this court should import a burden-shifting framework from cases applying the Foreign Sovereign Immunities Act ("FSIA"). D.I. 93 at 13. However, courts have held that this burden-shifting framework is unique to the FSIA and does not apply in cases governed by the CPIUN or other treaties. *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 443-44 (2d Cir. 2019); *Tov*, 2025 U.S. Dist. LEXIS 194505, at *14. Plaintiffs also rely on *Christy v. Pa. Tpk. Comm'n*, 54 F.3d 1140 (3d Cir. 1995), which held that Eleventh Amendment immunity was an affirmative defense and not jurisdictional. However, immunity under the CPIUN is jurisdictional. *See supra* at 1. *Christy* is irrelevant.

## II. UNRWA Is Entitled to Absolute Immunity under the CPIUN

Article II, Section 2 of the CPIUN grants absolute jurisdictional immunity to the UN and its subsidiary organs absent an express waiver of immunity. *See Brzak v. UN*, 597 F.3d 107, 111 (2d Cir. 2010). It is undisputed that there has been no waiver here.

### A. The CPIUN Grants Absolute Immunity to Subsidiary Organs of the UN

Plaintiffs argue that the plain language of the CPIUN only confers immunity on the "United

Nations" and the "Organization" and excludes the principal and subsidiary organs of the UN. Pls. Br. 8. That interpretation of the CPIUN would improperly render Article II a nullity. As already demonstrated, Article 7 of the UN Charter makes clear that the "United Nations" and the "Organization" encompass the principal and subsidiary organs of the UN. D.I. 83 at 8.[3] Thus, the plain language of the CPIUN confers absolute immunity to subsidiary organs of the UN, including UNRWA. *See Tov*, 2025 U.S. Dist. LEXIS 194505, at *24.

Plaintiffs' reading of the CPIUN is contrary to the interpretations of every court to consider the issue. As explained in UNRWA's motion, courts have uniformly held that subsidiary organs of the UN are entitled to absolute immunity under the CPIUN. D.I. 83 at 6 (collecting cases). Plaintiffs cite no case to the contrary.

Plaintiffs attempt to distinguish *Tov* by falsely asserting that the case failed to address the "fundamental issue" of whether the "plain meaning" of the CPIUN confers immunity to subsidiary organs of the UN. D.I. 93 at 19. However, in *Tov*, the plaintiffs made the same argument as Plaintiffs here, that the "CPIUN does not grant immunity to 'subsidiary organs.'" *See*, *e.g., Tov*, No. 24-cv-4765-AT, Dkt. No. 67 at 2 (S.D.N.Y. June 13, 2025). The court rejected that argument. It held that "the plain and unambiguous text of the CPIUN . . . grants the U.N. and its subsidiaries absolute[] immunity from every form of legal process . . . ." *Tov*, 2025 U.S. Dist. LEXIS 194505, at *13 (cleaned up). *Tov* is indistinguishable.

Plaintiffs attempt to distinguish other cases cited by UNRWA by arguing that the courts

---

[3] The scope of the term "the Organization" in the UN Charter was "intended to cover all the organs established by the Charter and all other bodies or organs which might subsequently be established by virtue of the powers conferred by the Charter," such as UNRWA. Repertory of Practice of United Nations Organs (1945–1954), vol. 5, Arts. 104 and 105, p. 337; *see also* Documents of the United Nations Conference on International Organization, vol. 13, Doc. 933, Series IV/2/42 (2), p. 704 (drafting history of the UN Charter shows that the term "the Organization" covers bodies "to be established by the General Assembly").

were not faced with the question of whether CPIUN immunity applied. D.I. 93 at 25. However, immunity under the CPIUN is an issue of subject matter jurisdiction, and courts have an independent obligation to determine their subject matter jurisdiction. *See In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Plaintiffs cannot argue that courts have repeatedly abdicated their responsibility to determine their subject matter jurisdiction.

Plaintiffs argue that Article IV of the CPIUN, which grants immunity to "representatives of Members to the principal and subsidiary organs of the United Nations," demonstrates that the principal and subsidiary organs are somehow distinct from the "United Nations" and thus not covered by Article II. D.I. 93 at 8. That argument would render Article II an empty shell that confers immunity on nobody. Article IV is relevant only because it confirms that representatives of Members are treated identically under the CPIUN, irrespective of whether they are representatives to a principal or subsidiary organ of the United Nations, since both are integral parts "of the United Nations." CPIUN art. IV, §§ 11–13.

Plaintiffs complain that UNRWA has not cited any executive or judicial authorities prior to the 1970 ratification of the CPIUN. D.I. 93 at 12. However, even before 1970, the U.S. executive branch drafted, sponsored, and voted in favor of numerous UN General Assembly resolutions affirming that subsidiary organs, including UNRWA, are entitled to immunity under the CPIUN. *See*, *e.g.*, UN GAOR, 4th Sess., 51st mtg. ¶¶ 19-35, UN Doc. A/AC.31/SR.51 (Nov. 30, 1949); UN GAOR, 4th Sess., 54th mtg. ¶ 1, UN Doc. A/AC.31/SR.54 (Dec. 2, 1949); UN GAOR, 13th Sess., 125th mtg. ¶ 1, UN Doc. A/SPC/SR.125 (Dec. 10, 1958); UN GAOR, 6th Sess., 46th mtg. ¶ 1, UN Doc. A/AC.53/SR.46 (Jan. 21, 1952); *Rep. of the Special Political Committee*, ¶¶ 8-10, UN Doc. A/3562 (1957); *Rep. of the Special Political Committee*, at 5, UN

Doc. A/4342 (1959); UN GAOR, 14th Sess., 851st plen. mtg. ¶ 90, UN Doc. A/PV.851 (Dec. 9, 1959). While it is unremarkable that courts did not interpret the CPIUN prior to its ratification, there is now a long and unbroken chain of cases holding that subsidiary organs are entitled to immunity. D.I. 83 at 11. Plaintiffs cite no authority to the contrary.

Plaintiffs also point to statements in the ratification history of the CPIUN that the CPIUN would not significantly change the immunity granted under the IOIA and falsely claim that subsidiary organs of the UN are only entitled to immunity if they were separately designated under the IOIA. D.I. 93 at 14. Plaintiffs rely on Senate testimony concerning "specialized agencies," which are subject to a different treaty, *i.e.*, the Convention on the Privileges and Immunities of the Specialized Agencies. As explained below, UNRWA is not a specialized agency, and thus the Senate testimony is irrelevant.[4] *See infra* at 6-7. Furthermore, Plaintiffs do not identify any subsidiary organ that has been separately designated under the IOIA, and, instead, misleadingly point to UNESCO and UNIDO, which are "specialized agencies" – and not subsidiary organs.[5]

Finally, Plaintiffs rely heavily on the U.S. Government's third statement of interest in *Tov*. However, in its first two statements of interest, the Government expressly stated that "the United Nations and its subsidiary organs are absolutely immune from suit in domestic courts." *See* First Statement of Interest, *Tov*, No. 24 Civ. 4765 (AT), Dkt. No. 17 at 3 (S.D.N.Y. July 30, 2024); *see also* Second Statement of Interest, *Tov*, No. 24 Civ. 4765 (AT), Dkt. No. 38 at 4 (S.D.N.Y. Oct. 18 2024). It did not take a contrary position in its third statement of interest. Thus, the

---

[4] When the CPIUN was ratified in 1970, courts construed the IOIA as granting absolute immunity to international organizations. *See Jam v. Int'l Fin. Corp.,* 586 U.S. 199, 223 (2019); *Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335, 1341 (D.C. Cir. 1998). It is thus unsurprising that ratification of the CPIUN would not viewed as a significant change.

[5] *See* Constitution of the United Nations Educational, Scientific and Cultural Organization art. X, Nov. 16, 1945, 4 U.N.T.S. 275; Constitution of the United Nations Industrial Development Organization art. 18, April 8, 1979, 1401 U.N.T.S. 23432.

Government's position undermines Plaintiffs' argument.[6]

### B. UNRWA Is a Subsidiary Organ of the UN Entitled to Absolute Immunity

Plaintiffs' alternative argument is that UNRWA should be treated as "analogous to a specialized agency" and not a subsidiary organ of the UN. D.I. 93 at 22. It is undisputed that UNRWA is ***not*** a specialized agency, and Plaintiffs concede that this very same argument was rejected in *Tov. Id.* at 19.

Plaintiffs attempt to manufacture a supposed factual dispute by asserting that this court should adopt a case-by-case analysis of whether subsidiary organs should be treated as analogous to specialized agencies based on their operational autonomy. D.I. 93 at 22-23. There is no factual dispute, and the proposed analysis is irrelevant. UNRWA's status is a purely legal issue. As *Tov* held, UNRWA's status as a subsidiary organ entitled to immunity is compelled by the plain and unambiguous language of the UN Charter and the CPIUN. *See* 2025 U.S. Dist. LEXIS 194505, at *21-24. The UN Charter defines "specialized agencies" as entities "established by intergovernmental agreement" and "brought into relationship" with the UN through an "agreement" with the Economic and Social Council "subject to approval by the General Assembly." UN Charter arts. 57, 63. UNRWA was not established by separate intergovernmental agreement, nor later brought into relationship with the UN through an agreement. Rather, UNRWA was established by General Assembly Resolution 302 (IV) (Dec. 8, 1949) pursuant to Article 22 of the UN Charter. Thus, under Articles 7 and 22 of the UN Charter, UNRWA is a subsidiary organ—not a specialized agency.

Plaintiffs' proposed autonomy test would be impractical and defeat the purpose of

---

[6] Plaintiffs argue that not all international organizations—only the UN—is entitled to immunity as a matter of customary international law. D.I. 93 at 11. Whatever immunity may exist under customary international law is irrelevant because this case is governed by a treaty, the CPIUN.

establishing a subsidiary organ. *See* Dan Sarooshi, *The United Nations and the Development of Collective Security* 89 (2000) ("the subsidiary organ necessarily possesses a certain degree of independence from its principal organ."). While the UN Charter does not require the General Assembly to assert any specific level of control over its subsidiary organs, the General Assembly defines UNRWA's mandate through resolutions, approving UNRWA's budget, *see*, *e.g.*, G.A. Res. 78/254 A-C, § 26 (Dec. 22, 2023), and requiring regular reports from UNRWA's Commissioner-General. *See*, *e.g.*, UNRWA, Annual Rep. of the Commissioner-General to the General Assembly – 1 January to 31 December 2022, U.N. Doc. A/78/13 (2023). The UN Secretary-General appoints UNRWA's Commissioner-General and approves UNRWA's staff regulations and rules. G.A. Res. 302 (IV). The General Assembly retains full power to modify UNRWA's mandate, composition, and structure or to discontinue it entirely.

Plaintiffs complain that Resolution 302 (IV) does not explicitly refer to UNRWA as a subsidiary organ. D.I. 93 at 22. However, UNRWA's status as a subsidiary organ follows directly from its establishment by General Assembly resolution pursuant to Article 22 of the UN Charter. Article 22 imposes no other preconditions or formalities. *See* William Dale, *UNRWA: Subsidiary Organ of the United Nations*, 23 Int'l & Comp. L.Q. 576, 578 (1974) (subsidiary organs are "founded by mere resolution of a principal organ"). There is no requirement that the resolution uses the phrase subsidiary organ. Numerous subsidiary organs were created by General Assembly resolutions that do not use this phrase. *See*, *e.g.*, G.A. Res. 57(I) (Dec. 11, 1946) (establishing UNICEF); G.A. Res. 319 (IV) (Dec. 3, 1949) (establishing UNHCR); G.A. Res. 2029 (XX) (Nov. 22, 1965) (establishing UNDP). Courts have uniformly recognized these entities as subsidiary organs and accorded them immunity under the CPIUN. *See*, *e.g.*, *Lempert*, 956 F. Supp. 2d at 24; *Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205, at *2, *9; *In re Hunter*, 800 N.Y.S.2d 347 (N.Y. Sup.

Ct. Nov. 15, 2004).

Moreover, it is undisputed that numerous General Assembly resolutions expressly confirm that UNRWA is a subsidiary organ entitled to immunity under the CPIUN. D.I. 83 at 6-7. Plaintiffs argue that these resolutions are "post-enactment history" and of little relevance. D.I. 93 at 22. However, courts regularly look to the post-ratification understanding of signatories to aid treaty interpretation. *El Al Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 175 (1999). Here, the General Assembly resolutions were adopted by Member States—which in many cases approved the extension of UNRWA's mandate.[7] In any event, many of the resolutions passed prior to the 1970 ratification of the CPIUN. *See*, *e.g.*, G.A. Res. 1456 (XIV), at 8 (Dec. 9, 1959).

Plaintiffs' argument relies almost exclusively on the U.S. Government's third statement of interest in *Tov*. However, contrary to Plaintiffs' assertions, the Government's third statement of interest is not entitled to any weight. The court in *Tov* already held that the Government's argument was entitled to no deference and rejected it. *See* 2025 U.S. Dist. LEXIS 194505, at *21-25. Furthermore, the Government's interpretation of a treaty is only entitled to weight "when the parties to a treaty both agree as to the meaning of a treaty provision, and that interpretation follows

---

[7] Plaintiffs point to statements in UNRWA annual reports from the 1950s indicating some early confusion on the part of governments in Lebanon, Syria and Egypt regarding UNRWA's status as a subsidiary organ. D.I. 93 at 11-12. Nothing in these reports supports Plaintiffs' argument that UNRWA should be treated as a specialized agency or stripping UNRWA of its immunity. The reports simply identify some instances where the governments' "subordinate authorities [were] not familiar with UNRWA's status" or improperly failed to recognize UNRWA's immunity. *E.g.* Ann. Rep. UNRWA 1951-52, U.N. Doc. A/2171, Supp. No. 13, at 43. The reports explicitly confirm that UNRWA is a subsidiary organ entitled to immunity under the CPIUN. *E.g.* Ann. Rep. UNRWA 1952-53, U.N. Doc. A/2470, ¶ 230. A series of General Assembly resolutions were passed to eliminate the confusion by explicitly confirming that UNRWA is a subsidiary organ entitled to immunity under the CPIUN. D.I. 83 at 6-7. The drafters of these resolutions, including the U.S., included language in these resolutions to confirm "the character of the Agency as a subsidiary organ of the United Nations." UN GAOR, 13th Sess., 125th mtg. ¶ 1, UN Doc. A/SPC/SR.125 (Dec. 10, 1958).

from the clear treaty language."  *See Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 185 (1982).  Here, the Government's argument that UNRWA should be treated as a specialized agency has no textual basis.  As *Tov* held, the argument is inconsistent with the plain language of the CPIUN and the UN Charter.  *See* 2025 U.S. Dist. LEXIS 194505, at \*21-24.  Furthermore, the ICJ recently confirmed in an advisory opinion that UNRWA is a subsidiary organ of the United Nations entitled to immunity under the CPIUN.  *See Obligations of Israel in relation to the Presence and Activities of the United Nations*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22), ¶¶ 8, 177, 186.  As one scholar recently stated, "there is little credibility to the new executive position, which is at variance with the reasoned views of all prior interpreters of the treaty."  Lori Fisler Damrosch, *The Trump Administration Reverses U.S. Position on UNRWA Immunities*, 119-4 Am. J. Int'l Law 790, 797 (2025).

**III.     UNRWA Is Entitled to Absolute Immunity under the IOIA**

Plaintiffs argue that the IOIA is a pass-through to the FSIA and assert that the FSIA's commercial activity exception applies.  D.I. 93 at 5.  However, the Supreme Court in *Jam* made clear that, despite its designation under the IOIA, the UN is entitled to absolute immunity under the CPIUN.  *See* 586 U.S. at 214; *Brzak*, 597 F.3d at 112.[8]

**IV.     Plaintiffs' Novel *Jus Cogens* Exceptions to Immunity Should Be Rejected**

Plaintiffs' request to craft a novel *jus cogens* exception to immunity under the CPIUN should be rejected.  *Tov* held that no such exception exists as it would be at odds with the plain language of the CPIUN, which grants absolute immunity to UNRWA.  *See* 2025 U.S. Dist. LEXIS 194505, at \*25-27.  Courts have rejected creating *jus cogens* exceptions in other contexts.  *See*

---

[8] In any event, Plaintiffs cannot satisfy the "commercial activity," "based upon" or "direct effect" requirement of the FSIA's commercial activity exception.  *See* 28 U.S.C. § 1605(a)(2); *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35-36 (2015); *Jam*, 586 U.S. at 215.

*Matar v. Dichter*, 563 F.3d 9, 14-15 (2d Cir. 2009); *Belhas v. Ya'Alon,* 515 F.3d 1279, 1288 (D.C. Cir. 2008); *Ye v. Zemin,* 383 F.3d 620, 627 (7th Cir. 2004); *Carpenter v. Republic of Chile*, 610 F.3d 776, 779 (2d Cir. 2010); *Devi v. Silva*, 861 F. Supp. 2d 135, 142 (S.D.N.Y. 2012).

*Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012), concerned the common law doctrine of foreign official immunity and is thus irrelevant to the absolute immunity conferred under the CPIUN. *Yousuf* held that a *jus cogens* exception to a foreign official's immunity was mandated by customary international law. It is not good law in light of *Republic of Germany v. Philipp*, 592 U.S. 169, 182 (2021), which held that a defendant does not lose immunity simply because they are accused of *jus cogens* violations. *Philipp* adopted the ICJ's holding in *Jurisdictional Immunities of the State* (*Germany v. Italy*), Judgment, 2012 I.C.J. Rep. 99, ¶¶ 82-93 (Feb. 3), that a state is not deprived of immunity because it is accused of *jus cogens* violations. Other courts have consistently rejected *Yousuf*. *See Doğan v. Barak*, 932 F.3d 888, 896-97 (9th Cir. 2019); *Rosenberg v. Pasha*, 577 F. App'x 22, 23 (2d Cir. 2014); *Doe v. Buratai*, 318 F. Supp. 3d 218, 234 (D.D.C. 2018), *aff'd*, 792 F. App'x 6 (D.C. Cir. 2019).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should dismiss this case with prejudice.

Dated:  February 3, 2026

Respectfully submitted,

OF COUNSEL:

/s/  *Thomas A. Uebler*

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
Kevin A. Meehan
Marwa Farag
Robert Groot
Olivia J. Wang
101 Park Avenue
New York, NY  10178
Tel: (212) 696-6000
Fax: (212) 697-1559
Email:  kmeehan@curtis.com
        mfarag@curtis.com
        rgroot@curtis.com
        owang@curtis.com

Thomas A. Uebler (#5074)
Terisa A. Shoremount (#7113)
McCollom D'Emilio Smith Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE  19808
(302) 468-5960
tuebler@mdsulaw.com
tshoremount@mdsulaw.com

*Attorneys for Defendant United Nations
Relief and Works Agency for Palestine Refugees
in the Near East*